UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALLAN MOONEY,

    Plaintiff,

v.

FRITO-LAY NORTH AMERICA, INC., and
PEPSICO, INC.,

    Defendants.

Case No.: _____

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Frito-Lay North America, Inc. ("Frito-Lay") and PepsiCo, Inc. ("PepsiCo") (together "Defendants") hereby remove this action from the Fourth Judicial District Court of the County of Hennepin, Minnesota, to the United States District Court for the District of Minnesota. Removal to this Court is proper because (1) this Court has jurisdiction over the case, and (2) the District of Minnesota is the district embracing the place where the state court litigation is pending. Defendants appear specifically for the purpose of removal and preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure. In support of this Notice of Removal, Defendants state as follows:

    1.    On February 20, 2013, Plaintiff Allan Mooney served a copy of the summons and complaint (the "Complaint") on Frito-Lay's registered agent for service, CT Corporation System Inc., Minneapolis, MN. A true and accurate copy of the summons and the Complaint, captioned for filing (but never filed) in the Fourth Judicial District Court of the County of Hennepin, Minnesota (the "Removed Action"), is attached hereto as Exhibit A. Receipt of these documents

5360866v1

was the first notice to either Frito-Lay or PepsiCo of the existence of a pleading containing a claim for relief asserted by Plaintiff that could be removed to this Court.

2. The Complaint alleges that Defendants violated the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68 *et seq.* ("MCFA"), the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67 ("MFSAA"), engaged in common law fraud, and were unjustly enriched, by making deceptive or misleading statements about certain Tostitos and SunChips brand products.

3. The Complaint brings claims on behalf of Plaintiff himself and in the public interest of citizens of Minnesota (Compl. at 1), and states that "[a] grant of Plaintiff's requested relief would have a public benefit for the citizens of Minnesota" (Compl. ¶¶ 103, 112).

4. The Complaint alleges that "all natural" labels on certain Frito-Lay Tostitos and SunChips products sold from January 1, 2010 through the present are deceptive and misleading because the products contain genetically modified organisms. Compl. ¶ 1.[1]

5. This removal is effected and has been timely filed within the period allowed for removal under 28 U.S.C. § 1446(b).

6. As set forth more fully below, this Court has jurisdiction over this matter and it is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

---

[1]The Complaint is a copycat of eleven (11) other actions filed against Frito-Lay over the past year-and-a-half challenging "all natural" labeling on Tostitos and SunChips products based on the use of vegetables grown using bioengineering techniques. The earlier-filed actions were centralized by the Judicial Panel on Multidistrict Litigation in the Eastern District of New York in December 2012, and consolidated for pre-trial proceedings by the E.D.N.Y. in January 2013. *See* Transfer Order, MDL No. 2413, ECF No. 28 (J.P.M.L. Dec. 12, 2012); Conditional Transfer Order Finalized, MDL No. 2413, ECF No. 31 (J.P.M.L. Dec. 20, 2012); Joint Request and [Proposed] Case Management Order, *In re Frito-Lay "All Natural" Litigation*, No. 12-MD-02413-RRM-RLM (E.D.N.Y., Jan 18, 2012), ECF No. 5; Order re ECF No. 5, *In re Frito-Lay "All Natural" Litigation*, No. 12-MD-02413-RRM-RLM (E.D.N.Y. Jan. 25, 2013).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

7. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, in that it purports to be an individual action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. 28 U.S.C. § 1332(a), vests federal courts with diversity jurisdiction over all civil actions where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and (2) is between "citizens of different states." 28 U.S.C. § 1332(a). Both of these requirements are satisfied in this case.

9. First, this case satisfies § 1332(a)'s diversity requirement because it is between "citizens of different states."

10. Plaintiff is a resident of Minnesota. Compl. ¶ 15.

11. Defendant Frito-Lay is a Delaware corporation with its headquarters in Plano, Texas. *See* Compl. ¶ 19.

12. Defendant PepsiCo is a North Carolina corporation with its headquarters in Purchase, New York. *See* Compl. ¶ 16.[2]

13. Second, the amount in controversy exceeds $75,000, exclusive of costs and interest.

14. Plaintiff requests monetary relief in the form of compensatory and punitive damages, restitution, attorneys' fees and costs, and pre- and post-judgment interest. Compl. ¶¶ 120-123.

15. Plaintiff also seeks several forms of injunctive relief, including court orders: (1) prohibiting Defendants from continuing to use the challenged labeling on the Challenged

---

[2] The Complaint incorrectly states that PepsiCo is a "Delaware corporation." PepsiCo is incorporated in North Carolina.

3

Products[3] (Compl. ¶¶ 124, 128); (2) prohibiting Defendants from continuing to sell any of the Challenged Products containing the challenged labeling (Compl. ¶ 125); (3) prohibiting Defendants from continuing to market the Challenged Products as "all natural" (Compl. ¶ 126); and (4) requiring that Defendants immediately recall any and all units of the Challenged Products (Compl. ¶ 127).

16.     Plaintiff alleges that the challenged labeling appears on all of the Challenged Products across the United States. *See* Compl. ¶ 4 ("Defendants have systematically marketed . . . the Products as 'all natural' on each package of SunChips and Tostitos . . . such that any United States consumer . . . is exposed to Defendants' 'all natural' claim."), ¶ 32 ("Defendants stamp every bag of SunChips and Tostitos . . . with the phrase 'all natural'").

17.     Plaintiff does not purport to limit the scope of the requested injunctive relief to Minnesota only. *See* Compl. ¶¶ 124-128.

18.     The value of the injunctive relief requested, which is properly included in the amount in controversy analysis for removal purposes,[4] clearly exceeds the jurisdictional

---

[3]The Complaint challenges the labeling on Tostitos Restaurant Style Tortilla Chips, Tostitos Bite Size Rounds Tortilla Chips, Tostitos Crispy Rounds Tortilla Chips, Tostitos Multigrain Tortilla Chips, Tostitos Scoops Tortilla Chips, Tostitos Multigrain Scoops Tortilla Chips, Tostitos Restaurant Style with a Hint of Lime Flavored Tortilla Chips, Tostitos Restaurant Style with a Hint of Jalapeño Flavored Tortilla Chips, Tostitos Restaurant Style with a Hint of Pepper Jack Flavored Tortilla Chips, Tostitos Artisan Recipes Fire-Roasted Chipotle Flavored Tortilla Chips, Tostitos Artisan Recipes Baked Three Cheese Queso Flavored Tortilla Chips, Tostitos Artisan Recipes Roasted Garlic and Black Bean Flavored Tortilla Chips, Tostitos Artisan Recipes Toasted Southwestern Spices Flavored Tortilla Chips, SunChips Original Flavored Multigrain Snacks, SunChips Garden Salsa Flavored Multigrain Snacks, SunChips French Onion Flavored Multigrain Snacks, SunChips Harvest Cheddar Flavored Multigrain Snacks, SunChips 6 Grain Medley Parmesan & Herb Flavored Multigrain Snacks and SunChips 6 Grain Medley Creamy Roasted Garlic Flavored Multigrain Snacks (the "Challenged Products"). Compl. ¶ 3.

[4]It is "well settled that the value to the plaintiff of an equitable remedy is properly included in the amount in controversy." *Magee v. Advance America Servicing of Arkansas, Inc.*, No. 6:08-cv-6105, 2009 WL 890991, at *4 (W.D. Ark. April 1, 2009); *see also Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977) ("In actions seeking . . . injunctive relief, it

threshold. Attached hereto as Exhibit B is the Declaration of Neil Glover (the "Glover Declaration"). The Glover Declaration states that Frito-Lay's net profits from sales of the Challenged Products in Minnesota alone were significantly greater than $5,000,000, in each of 2010, 2011 and 2012. *See* Glover Decl. ¶ 4.

19. The Glover Declaration further states that Frito-Lay's gross revenues from sales of the Challenged Products in Minnesota alone were significantly greater than $10,000,000, in each of 2010, 2011 and 2012. Glover Decl. ¶ 5.

20. Attached hereto as Exhibit C is the Declaration of Mark Jones (the "Jones Declaration"). The Jones Declaration states that it will cost Frito-Lay more than $500,000 to immediately recall the Challenged Products in Minnesota alone. Jones Decl. ¶ 4.

21. The Glover and Jones Declarations establish that the value to Plaintiff of the injunctions he seeks easily totals more than $75,000, as the proposed injunctions target numerous products worth millions of dollars in net profits and revenues. Thus, both requirements of § 1332(a) are satisfied and removal is proper.

## PLAINTIFF'S FAILED ATTEMPT TO AVOID REMOVAL

22. While Plaintiff and his counsel apparently seek to avoid removal (and MDL consolidation with other cases making similar claims) by attaching a stipulation to the Complaint purporting to limit the "recovery" sought by Plaintiff, that stipulation does <u>not</u> effectively limit the amount in controversy in the action to below $75,000.

23. As an initial matter, Plaintiff's stipulation does not purport to limit the value of the injunctive relief sought to Minnesota citizens other than Plaintiff. *See* Compl., Stipulation

---

is well established that the amount in controversy is measured by the value of the object of the litigation.").

("Plaintiff Allan Mooney hereby stipulates that he will not seek or accept any recovery in excess of the sum total of $75,000 *on his own behalf*.") (emphasis added).

24. Further, while Plaintiff apparently intends to contend that he can avoid removal merely by asserting that his subjective valuation of the amount in controversy is less than $75,000 (*see* Compl., Stipulation) it is well-established in the Eighth Circuit that in valuing injunctive relief from the "plaintiff's perspective" it is the "actual value" of the injunctive relief to the plaintiff—not the plaintiff's assertions about its subjective value—that matters. *See Usery v. Anadarko Petroleum Corporation*, 606 F.3d 1017, 1019 (8th Cir. 2010) (upholding diversity jurisdiction and holding that a "plaintiff's view" valuation of the amount in controversy "does not mean, as plaintiffs seem to think, that their view of what the asserted right is worth is controlling. This question is not how a plaintiff subjectively values a right or even what his or her good-faith estimate of its objective value is: The question is the actual value of the object of the suit."). Here, as demonstrated above (¶¶ 15-20) and in the attached Glover and Jones Declarations, the actual value of the injunctive relief that Plaintiff seeks—which would require Defendants to pull from shelves and halt sales of numerous products worth millions of dollars—exceeds $75,000.

### REMOVAL PROCEDURES

25. Consistent with 28 U.S.C. § 1446, Defendants are providing this Notice, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This Notice has been prepared and signed by an authorized attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id*.

26. Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Fourth Judicial District Court of the County of Hennepin, Minnesota.

27. By filing this Notice of Removal, Defendants expressly preserve and do not waive any defenses that may be available to them. Moreover, by seeking to prove that the amount in controversy is greater than the jurisdictional amount, Defendants do not concede that the jurisdictional amount is recoverable. Rather, Defendants deny that any amount or relief is recoverable by Plaintiff or other Minnesota citizens.

28. Consistent with the requirements of the statute, a copy of all pleadings previously filed in the Removed Action and "a copy of all process, pleadings, and orders served upon" Defendants are attached hereto. 28 U.S.C. § 1446(a). These documents include:

Exhibit A: Summons and Complaint received by Frito-Lay's registered agent for service, CT Corporation System Inc., Minneapolis, MN, on February 20, 2013.

29. Frito-Lay's registered agent for service first received a copy of the summons and Complaint on February 20, 2013. This Notice is filed within thirty (30) days of receipt of service and is therefore timely pursuant to 28 U.S.C. § 1446(b).

DATED: March 21, 2013

  s/Troy J. Hutchinson
Troy J. Hutchinson (#0320420)
Benjamin E. Gurstelle (#389968)
**Briggs and Morgan, P.A.**
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402

*Attorneys for Defendants Frito-Lay North America, Inc. and PepsiCo, Inc.*

GIBSON, DUNN & CRUTCHER LLP
Andrew S. Tulumello
Atulumello@gibsondunn.com
Jason R. Meltzer
Jmeltzer@gibsondunn.com
1050 Connecticut Avenue, N.W.

7

5360866v1

                                        Washington, DC 20036
                                        Phone:  (202) 955-8500
                                        Facsimile:  (202) 467-0539

                                        *Of Counsel for Defendants Frito-Lay North America, Inc. and PepsiCo, Inc.*

5360866v1