UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALLAN MOONEY,

    Plaintiff,

v.

FRITO-LAY NORTH AMERICA, INC.,
and PEPSICO, INC.,

    Defendants.

Case No.: 13-CV-00648 (DWF/JJG)

## NOTICE OF CONDITIONAL TRANSFER ORDER

On March 28, 2013, the United States Judicial Panel on Multidistrict Litigation ("J.P.M.L.") issued an order conditionally transferring this action under 28 U.S.C. § 1407 to the Eastern District of New York. *See* Conditional Transfer Order, MDL NO. 2413 (J.P.M.L.), ECF No. 34.[1] In the order, the J.P.M.L. observed that Plaintiff's claims appear to "involve questions of fact that are common to the actions previously transferred to the Eastern District of New York." *Id.* Pursuant to the order, this action could be transferred to the Eastern District of New York in as few as seven days. *Id.*

There is little doubt that this action will be transferred to the Eastern District of New York for consolidation with the eleven other earlier-filed similar actions already consolidated in that district. Those actions challenge the same "Made With All Natural Ingredients" labeling, on the same Frito-Lay Tostitos and SunChips products, on the same alleged theory – that the "natural" labels are misleading because the products are

---

[1] A copy of the Conditional Transfer Order is attached hereto.

5378976v1

made from vegetables grown using genetically modified organisms, as this action.[2] Indeed, the J.P.M.L has already determined that actions sharing "factual questions arising out of allegations that Frito-Lay markets and labels certain food products grown from genetically modified organisms as 'All Natural,' in a manner that is allegedly misleading to consumers" should proceed in a single district to "eliminate duplicative discovery; prevent inconsistent pre-trial rulings . . . and conserve the resources of the parties, their counsel and the judiciary." *See* Transfer Order, *In re Frito-Lay North America, Inc., All Natural Litig.*, MDL No. 2413 (J.P.M.L., December 12, 2012), ECF No. 28.

In light of the impending transfer, this Court should grant Defendants' motion for a responsive pleading deadline extension. Requiring Defendants to brief a motion to dismiss before this Court will result in a waste of judicial and party resources and increase the likelihood of inconsistent legal determinations, in direct contravention of the J.P.M.L.'s centralization order and Federal Rule of Civil Procedure 1. Defendants will be moving to dismiss virtually identical claims in the Eastern District of New York in the next month, and briefing the same issues in two federal courts simultaneously will frustrate the interests of justice and comity.

Plaintiff's argument in his opposition to Defendants' time extension motion that the Court lacks jurisdiction to extend Defendants' time, is frivolous. *See* Fed. R. Civ. P. 6(b)(1)(A). As a threshold matter, Plaintiff has not yet moved to remand, and this Court

---

[2] *See* Consolidated Complaint filed July 3, 2012, *Shake v. Frito-Lay North America, Inc.*, No. 12-cv-408-RRM-RLM (S.D.N.Y.) (ECF No. 18) ("Consolidated Complaint"), ¶¶ 1, 3; Order re ECF No. 5, *In re Frito-Lay North America, Inc. "All Natural" Litigation*, No. 12-MD-02413-RRM-RLM (E.D.N.Y. Jan. 25, 2013) (designating the Consolidated Complaint the operative complaint for the MDL).

5378976v1

clearly has jurisdiction pursuant to Defendants' Notice of Removal. *See* Fed. R. Civ. P. 81(c)(1); 28 U.S.C. § 1447(a). If Plaintiff does move to remand, Defendants will oppose and further explain how this action, which seeks broad injunctive relief relating to many millions of dollars' worth of products, clearly satisfies the $75,000 amount in controversy requirement for diversity jurisdiction (as already demonstrated by the two separate affidavits submitted with Defendants' Notice of Removal).[3] Further, in the event that Plaintiff moves to remand, there is no question that the Eastern District of New York can properly rule on that motion and determine whether the action should proceed in federal court, after the case is transferred. *See In re Facebook, Inc., IPO Secs. and Derivative Litig.*, MDL No. 2389, 2012 WL 4748325, at *3 (J.P.M.L. Oct. 4, 2012) ("Plaintiffs in the removed . . . actions can present their pending motions for remand to state court to the

---

[3] Indeed, Plaintiff and his counsel's entire endeavor in this late-to-the-game action appears to be an attempt to extort a settlement from Defendants based on the broad injunctive relief requested. As noted in a recent article in the Star Tribune, Plaintiff—who appears to be the personal trainer and good friend of his counsel, Paul Hansmeier, has teamed up with Mr. Hansmeier before to file other copycat actions, as well as copyright trolling actions. *See* Dan Browning, *Copyright Troll Lawyer Moves to Class Action Coupon-Site Cases*, Star Tribune, March 22, 2013, *available at*: http://www.startribune.com/local/199640331.html?refer=y; Notice of Removal, *Mooney v. Priceline.com, et al.*, No. 12-cv-02371-DWF-JSM (D. Minn.) (ECF No. 1), ¶ 12 ("The complaint allegations in the Removed Case also are a copy of at least 21 other, earlier-filed complaints in various federal districts around the country").

Plaintiff's counsel also appears to have been associated with a succession of law firms that have filed at least 348 lawsuits in the last two and a half years, and was recently ordered to appear before the Central District of California on April 2, 2013 to show cause why he should not be sanctioned for defrauding the court, failing to disclose a financial interest in the outcome of the litigation, and participating in copyright trolling. *See* March 14, 2013 Order, *Ingenuity 13, LLC v. John Doe*, No. 2:12-cv-08333 (C.D. Cal.) (ECF No. 86); February 7, 2013 Order to Show Cause, *Ingenuity 13*, No. 2:12-cv-08333 (C.D. Cal.) (ECF No. 48); Putative John Doe's Response to Order to Show Cause, *Ingenuity 13*, No. 2:12-cv-08333 (C.D. Cal.) (ECF No. 52).

5378976v1

transferee court."); *In re Am. Medical Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359, 1361 (J.P.M.L. 2012) (same); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (same).

Regardless of whether this action remains in federal court and is transferred by the J.P.M.L., or is remanded, it is clear that it will not proceed before this Court. To avoid unnecessary motion practice before this court, wasting judicial and party resources, and increased potential for conflicting legal determinations, good cause exists to extend Defendants' deadline to answer or otherwise respond to the Complaint until after the MDL transfer issues are resolved.

DATED: March 29, 2013

**RESPECTFULLY SUBMITTED,**

s/ Troy J. Hutchinson
Troy J. Hutchinson (#0320420)
Benjamin E. Gurstelle (#389968)
**Briggs and Morgan, P.A.**
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402

*Attorneys for Defendants Frito-Lay North America, Inc. and PepsiCo, Inc.*

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FRITO-LAY NORTH AMERICA, INC.,
ALL NATURAL LITIGATION                                        MDL No. 2413

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO −2)

On December 12, 2012, the Panel transferred 4 civil action(s) to the United States District Court for the Eastern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* ___ F.Supp.2d ___ (J.P.M.L. 2012). Since that time, 2 additional action(s) have been transferred to the Eastern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Roslynn R. Mauskopf.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of New York and assigned to Judge Mauskopf.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the Eastern District of New York for the reasons stated in the order of December 12, 2012, and, with the consent of that court, assigned to the Honorable Roslynn R. Mauskopf.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of New York. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: FRITO-LAY NORTH AMERICA, INC.,
ALL NATURAL LITIGATION

MDL No. 2413

SCHEDULE CTO-2 – TAG-ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| ARKANSAS WESTERN | | | |
| ARW | 1 | 12-01029 | Deaton v. Frito-Lay North American, Inc. et al |
| MINNESOTA | | | |
| MN | 0 | 13-00648 | Mooney v. Frito-Lay, Inc. et al |