UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Allan Mooney, | Civil No. 13-0648 (DWF/JJG) |
| Plaintiff, | |
| v. | O R D E R |
| Frito-Lay, Inc. and PepsiCo, Inc., | |
| Defendants. | |

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendants' Motion for an Extension of Time to Respond to Plaintiff's Complaint (ECF No. 6). The motion was noticed for a hearing on Tuesday, April 9, 2013, at 11:00 a.m. For the reasons set forth below, the Court cancels the hearing and defers ruling on the motion pending a final decision by the United States Judicial Panel on Multidistrict Litigation (JPML) to transfer this case to the United States District Court for the Eastern District of New York as part of the *In Re: Frito-Lay North America, Inc., All Natural Litigation* multidistrict litigation.

**I.    Background**

Plaintiff Allan Mooney ("Plaintiff") initiated this action by serving a state court summons and complaint on Defendants Frito-Lay, Inc. and PepsiCo, Inc. ("Defendants"). In brief, Plaintiff alleges that Defendants "deceptively and misleadingly marketed certain food products as 'all natural' when, in fact, those products contained unnatural, genetically-modified organisms . . . ." (Compl. ¶ 1, ECF No. 1-1.) Defendants removed the action to federal court on March 21, 2013, on the basis of diversity jurisdiction. According to Defendants, the amount-in-controversy

requirement is satisfied despite a stipulation attached to the Complaint, signed by Plaintiff's attorney Paul R. Hansmeier on behalf of Plaintiff, disclaiming any right to recover more than $75,000 on his own behalf. Defendants aver that the value of the broad injunctive relief sought by Plaintiff is properly included in the amount in controversy and far exceeds $75,000.

Defendants filed the motion to extend time to answer on March 25, 2013, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A). Defendants portray the Complaint as a "copycat" of several other cases filed in the past year challenging the labeling of certain of Defendants' products. (Defs.' Mem. Supp. Mot. Extension at 2.) The earlier-filed actions have been consolidated in *In Re: Frito-Lay North America, Inc., All Natural Litigation*, MDL No. 2413. Defendants have not yet answered the complaints in those cases and intend to file a motion to dismiss.

The JPML has ordered that all actions sharing "factual questions arising out of allegations that Frito-Lay markets and labels certain food products grown from genetically modified organisms as 'All Natural,' in a manner that is allegedly misleading to consumers" be consolidated for pretrial proceedings in the Eastern District of New York. Transfer Order at 2, *In Re: Frito-Lay N. Am., Inc., All Natural Litig.*, MDL No. 2413 (J.P.M.L. Dec. 12, 2012), ECF No. 28. On March 22, 2013, one day after removing the instant case to federal court, Defendants filed a Notice of Potential Tag-Along Action with the JPML. (Hutchinson Decl. Ex. 1, ECF No. 9.) On March 29, 2013, Defendants filed a Notice of Conditional Transfer Order (ECF No. 12) informing this Court that the JPML had issued an order conditionally transferring this case to the Honorable Roslynn R. Mauskopf in the Eastern District of New York. The order provides that if any party opposes the transfer within seven days, the stay will be continued until further order of

the JPML. Conditional Transfer Order at 1, *In Re: Frito-Lay N. Am., Inc., All Natural Litig.*, MDL No. 2413 (J.P.M.L. Mar. 28, 2013), ECF No. 35.

Plaintiff's primary opposition to Defendants' motion for an extension is that the Court lacks subject matter jurisdiction, in light of the stipulation limiting his potential recovery to no more than $75,000. Plaintiff has not filed a motion to remand the case, however, despite expressing an intention to do so.

## II.    Discussion

The pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. R. 2.1(d). Thus, the Conditional Transfer Order does not limit the Court's ability to rule on Defendants' motion. The Court is not obligated to rule on the motion, however. A potential transferor court may choose either to address a pending motion or to withhold ruling and allow the motion to be addressed by the potential transferee court. *In re: Asbestos Prods. Liab. Litig. (No. VI)*, 560 F. Supp. 2d 1367, 1368 n.2 (J.P.M.L. 2008).

All things considered, the Court finds it prudent to defer ruling on the motion until the JPML issues its final decision on transfer. Based on the JPML's initial determination that this case and the MDL involve common questions of fact, it is likely the case will be transferred to the Eastern District of New York. If so, the MDL court will have the opportunity to address the motion and place this case on the same pretrial schedule as the other consolidated actions. Moreover, the period in which to object to the Conditional Transfer Order is underway, and Plaintiff may decide to oppose the transfer. No prejudice will befall either party if a decision on the motion is deferred during this period of uncertainty. Finally, although Plaintiff has questioned the Court's subject matter jurisdiction, the issue has not been fully briefed and thus is

not ripe for resolution at this time. Further, a pending jurisdictional challenge does not bar the JPML from transferring a case. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). If this case is transferred, the MDL court is well-equipped to resolve questions of jurisdiction; if the case remains here, Plaintiff may choose to pursue a motion to remand.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the April 9, 2013, hearing on Defendants' Motion for an Extension of Time to Respond to Plaintiff's Complaint (ECF No. 6) is **CANCELED**, and the motion is deferred pending the JPML's decision to transfer this case to the Eastern District of New York as part of the *In Re: Frito-Lay North America, Inc., All Natural Litigation* multidistrict litigation. .

Dated: April 4, 2013

                                                  s/ *Jeanne J. Graham*
                                                  JEANNE J. GRAHAM
                                                  United States Magistrate Judge